IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JULIO RANGEL CRUZ,                                                                                         PLAINTIFF

v.                                              2:22CV00223-DPM-JTK

ARKANSAS COUNTY DETENTION
CENTER, et al.                                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to Chief United States District Judge D.P. Marshal Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.     Introduction**

Julio Rangel Cruz ("Plaintiff") was incarcerated at the Arkansas County Detention Center (the "Detention Center") at the time he filed this action. (Doc. No. 1). He has since been released. Plaintiff sued Tyran McCradic, Clayton Evans, and Dean Mannis[1] (collectively "Defendants") alleging violations of his constitutional rights. (Doc. No. 5).

---

[1] Plaintiff also sued the Arkansas County Detention Center and Arkansas Department of Corrections. (Doc. No. 1). Plaintiff's claims against the Arkansas County Detention Center and Arkansas Department of Corrections have already been dismissed. (Doc. Nos. 10, 24).

Defendants filed a Motion for Summary Judgment on the issue of exhaustion, Brief in Support, and Statement of Facts. (Doc. Nos. 43-45). Plaintiff has not responded and the time for doing so has passed.

After careful consideration of the record before me, and for the reasons set out below, the Court recommends that Defendants' Motion be granted and Plaintiff's claims be dismissed for failure to exhaust administrative remedies.

## II.     Plaintiff's Claims

Plaintiff alleges the conditions of confinement he experienced while he was incarcerated at the Arkansas County Detention Center violated his rights protected under the Fourteenth Amendment. (Doc. No. 5).

## III.    Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary

judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

IV.  Analysis

Defendants argue that Plaintiff failed to exhaust his claims against them.   (Doc. Nos. 43-45).

According to the Prison Litigation Reform Act ("PLRA"),

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'"   229

F.3d 684, 688 (8th Cir. 2000) (quoting <u>Castano v. Nebraska Dep't of Corrections</u>, 201 F.3d 1023, 1025 (8th Cir. 2000)). In <u>Johnson v. Jones</u>, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in <u>Jones v. Bock</u>, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

As an initial matter, the Court notes that Plaintiff has not filed a response to Defendants' Motion. Plaintiff has not controverted any material fact set forth by Defendants in their statement of undisputed material facts. Accordingly, all material facts submitted by Defendants (Doc. No. 45) are deemed admitted. LOCAL RULE 56.1(c); FED. R. CIV. P. 56(e).

At the time of the incidents giving rise to this lawsuit, the Arkansas County Detention Center had in place a grievance procedure. (Doc. No. 45 at ¶ 2; Doc. No. 45-4). Under the policy, inmates are "allowed to file a grievance at such time as the inmate believes that he/she has been subjected to abuse, harassment, abridgement of civil rights or denied privileges." (Doc. No. 45-4 at 1). An inmate may address only one topic per grievance. (<u>Id</u>.). Grievances must be made in electronic format and are forwarded to the Jail Administrator or shift supervisor. (<u>Id</u>.). The grievance must contain "all appropriate facts needed for a proper investigation," including names of the people against whom the inmate is filing the grievance, names of witnesses, facts explaining the incident, dates, times, and the complaining inmate's name. (<u>Id</u>.). The shift supervisor addresses all issues over which he or she has authority; other issues are forwarded to

4

the Detention Center's administrator. (Id.). If the administrator determines the incident grieved constitutes a prohibited act, a prompt investigation follows. (Id.).

In support of their Motion, Defendants presented the Affidavit of Defendant McCradic, who is employed as the Detention Center Administrator. (Doc. No. 45-1 at ¶ 1). Defendant McCradic also serves as a custodian of records for the Detention Center. (Id. at ¶ 2). According to Defendant McCradic, Plaintiff did not file any grievances "concerning any of the conditions which Plaintiff alleges within his Complaint or Amended Compliant." (Id. at ¶ 9). Defendant McCradic attached to his Affidavit Plaintiff's jail file, which includes the requests and grievances Plaintiff filed while at the Detention Center. (Doc. No. 45-3).

The Court has reviewed Plaintiff's requests and grievance. (Doc. No. 45-3). The documents provided show that Plaintiff did not file a request or grievance in connection with any conditions of his confinement.

Again, Plaintiff has not contested any material fact set forth by Defendants or otherwise responded to Defendants' Motion. Plaintiff did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). As such, the Court finds Plaintiff did not exhaust his administrative remedies in connection with his claims against Defendants. Accordingly, the Court recommends Defendants' Motion for Summary Judgment be granted and Plaintiff's claims against Defendants be dismissed without prejudice.

5

## V. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. No. 43) be GRANTED;

2. Plaintiff's claims against Defendants be DISMISSED without prejudice for failure to exhaust administrative remedies;

3. Plaintiff's Complaint, as amended (Doc. No. 5) be DISMISSED without prejudice;

4. The Court certify that an in forma pauperis appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated this 27th day of October, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE